UNITED STATES of America, Plaintiff,

v.

733 ACRES OF LAND, More or Less, Situated in the TOWN OF TRURO, County of Barnstable, Commonwealth of Massachusetts, Charles R. Schmid, et al., Defendants.

Civ. A. No. 80–2425–C.

United States District Court,
D. Massachusetts.

March 25, 1982.

Kenneth P. Nasif, Asst. U.S. Atty., Boston, Mass., for plaintiff.

John D. Hallisey, Orleans, Mass., for defendants David and Constance Armstrong.

James M. Hughes, Hingam, Mass., for defendants Andrew Fuller and Grace Bessay.

James E. Coppola, Lynn, Mass., for Ann Kane, Collector of Taxes, Town of Truro.

Charles R. Schmid, Randolph Jones, Nicholas Wells and Ray Wells, pro se.

## OPINION

CAFFREY, Chief Judge.

This is one of a series of cases instituted by the filing of a complaint in condemnation by the United States of America pursuant to Pub.L. 87–126, § 1, August 7, 1961, 75 Stat. 284, codified at 16 U.S.C. § 459b, *et seq.*, which provides for the establishment of the Cape Cod National Seashore. The instant complaint in condemnation was

filed by the United States on October 30, 1980. On November 6, 1981 this Court conducted a hearing on the plaintiff's motion for summary judgment, which motion is now before the Court.

*The Subject Property*

By this action in condemnation, the United States seeks to confirm its title to one entire parcel identified as Cape Cod National Seashore tract No. 08–8628. The tract contains approximately 733 acres located within the Cape Cod National Seashore in North Truro, Massachusetts, on the Atlantic Ocean side of the Cape. Situated on the property are several dilapidated shacks or "cottages," some of which are entirely buried by sand or are otherwise uninhabited. Photographs of the various locations show that two or more of these "cottages" do not exist on the ground, having either been burned or totally destroyed by the elements some years ago. (See plaintiff's exhibits 1–4). These structures are claimed by or seasonally occupied by the defendants who have appeared in this case.

This particular condemnation action is unusual in that the plaintiff, United States of America, already holds the full fee title and registered title in the property it is condemning. The United States holds title in tract No. 08–8628 by virtue of a Transfer Certificate of Title issued by the Massachusetts Land Court on April 6, 1967, the source of which was a May 1, 1963 Deed of the same property into the United States from the Commonwealth of Massachusetts. (See exhibit B to the Affidavit of the Government's title examiner). The Commonwealth also had held registered title to the property by virtue of its own previous Certificate of Title issued from the Land Court. The Deed from the Commonwealth of Massachusetts specifically includes a legal description of the subject property " . . .

with buildings thereon . . ." There exists absolutely no reference to any of the defendants or any rights or interests of the defendants through the chain of ownership of this registered land for the last 51 years.*

Therefore, the purpose of this action is not to ascertain the identity of the property owner, nor to acquire property which the Government already owns, nor to determine just compensation. Instead, this action seeks to confirm title and possession of registered property of the United States and thereby to extinguish all possible claims of defendants and any others to the property as well as to the locations where certain of the cottages used to exist, and lastly, to require the defendants to remove themselves and their personal effects and properties from the Government's land.

*"Improved Property" Exemption*

 The Act that provided for the establishment of the Cape Cod National Seashore provides for the recognition of a category of "improved property" which is exempt from condemnation. The defendants appearing in this case rely on a novel interpretation of that exemption as their sole defense to the taking. There appears to be no genuine dispute as to the facts of the case. Therefore, a ruling on plaintiff's motion for summary judgment depends on whether, as a matter of law, defendants are entitled to claim the benefit of the "improved property" exemption. Section 4(d) of the Act defines "improved property" as:

> . . . a detached, one-family dwelling the construction of which was begun before September 1, 1959 (hereinafter referred to as "dwelling") together with so much of the land on which the dwelling is situated, the said land being in the same ownership as the dwelling, as the Secre-

---

* Because this is registered land, the strength of the Government's Title in the subject property is beyond dispute. Massachusetts provides for a "Torrens System" of registration of Land Titles which empowers the Land Court to determine the actual state of title to the land described in a petition. M.G.L. c. 185. The subject property has been registered with the Land Court for 51 years. Certificate No. 39732

dated April 6, 1967 reflects true state of the title to be in the name of the United States. A Certificate of Title is "conclusive evidence" that the land described in the Certificate is owned by the party therein named. M.G.L. c. 185 § 54. Therefore, defendants have no interest in the subject tract. *See, Michaelson v. Silver Beach Improvement Ass'n., Inc.*, 342 Mass. 251, 173 N.E.2d 273 (1961).

tary shall designate to be reasonably necessary for the enjoyment of the dwelling for the sole purpose of noncommercial residential use . . .

The government argues that this definition contemplates at least two requirements in order to be considered "improved property." A defendant-landowner must show first, that a detached, one-family dwelling, or construction thereof, existed prior to September 1, 1959, and second, that the dwelling existed on *land being in the same ownership as the dwelling.* The government's position is that the subject property is not "improved property" as defined by the Act since the defendants neither own nor claim to own the land on which the structures are or were situated.

Defendant Bessay takes the position that cottages such as the ones she claims on the subject property were intended by Congress to be "improved property" under section 4(d) of the Act, irrespective of the ownership of the land on which the structures were located. She has conceded that she does not own the land on which the cottages are located, but claims that she owns the cottages, and that they themselves are exempt from condemnation.

I find as a matter of statutory construction that defendant Bessay's interpretation of the "improved property" definition and provision of the Act is without merit. The clear and unambiguous language of the "improved property" exemption specifically excludes and defeats the very type of claim defendant has here, that is, a shack or cottage existing on land owned by someone else. The language in the statute requiring the land and the dwelling to be in the same ownership (". . . said land being in the same ownership as the dwelling . . .") effectively limits the exemption to *bona fide* real estate, thereby protecting valid owners who by law would own the dwelling and the land upon which it was situated. Defendant Bessay's interpretation, by contrast, would permit a person or squatter who placed a mobile home, a cottage or a house trailer built before September 1, 1959 on anyone else's land within the Cape Cod National Seashore to claim the benefit of the exemption. Clearly this is not the "way-of-life" the exemption sought to protect, and defendant Bessay is not entitled to claim the benefit of the exemption. The Secretary's power to condemn is, therefore, not suspended, as the property is not "improved property" within the meaning of the Act.

*Character of Defendants' Interest*

■ The remaining question is what, if any, interest defendants have in the shacks situated on the property. Notwithstanding the fact that the Deed of the property from the Commonwealth purports to convey title to the United States ". . . with buildings thereon . . .", the March 27, 1956 Order of Taking by the Commonwealth of Massachusetts excluded the "structures" on the property. However, that order decreed that owners should remove such structures within six months of the date of recording of the instrument. (See Defendants' exhibit C and exhibit C to plaintiff's Supplemental Memorandum for the language of the six-month removal requirement). The May 1, 1963 Deed from the Commonwealth into the United States included all interests of the Commonwealth in the property, which necessarily would include the Commonwealth's right to enforce the six-month removal requirement. Assuming, arguendo, that the defendants were the owners of the structures in 1956, they should have removed them by the end of that year. To the extent that they did not comply with the six-month removal requirement, or at some later time erected, acquired, or occupied a cottage on the land, the nature of their property interest, if any, is personal property, and their presence on the land is in the nature of trespass. As a matter of law, the United States is entitled to whatever rights the Commonwealth would have had with respect to property remaining after the six-month removal period had expired. It is unnecessary to decide whether title to the structures vested in the Commonwealth at the expiration of the six-month period, and therefore could be conveyed to the United States by the 1963 Deed. At the very least, the United States is entitled to the relief it requests, that is, to require the defendants to remove themselves and their personal

**4**

effects and properties from what is concededly the government's land, at the defendants' expense.

Accordingly, I rule that no genuine issues of material fact remain in the case, and that the plaintiff is entitled as a matter of law to the relief requested. I further rule that an order should enter granting plaintiff's motion for summary judgment and directing the defendants to remove themselves and their properties from the government's land.

Order accordingly.

### ORDER

In accordance with opinion filed this date, it is ORDERED:

1. Plaintiff's motion for summary judgment is allowed, pursuant to Fed.R.Civ.P. 56.

2. Tract No. 08–8628 is declared federal property, in accordance with the United States of America's Certificate of Title No. 39732, encumbered only by interests appearing in that Certificate of Title.

3. All remaining defendants appearing in this case are ordered to remove themselves and their personal property from tract No. 08–8628, at their own expense within 30 days.